# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CML-NV EAST MOUNTAIN, LLC,          )
                                    )
                Plaintiff,          )
                                    )          Case No.: 2:11-cv-00187-GMN-RJJ
        vs.                         )
                                    )
VANDENBERG 8 LLC, et al.,           )
                                    )
                Defendants.         )
_____)

## INTRODUCTION

Plaintiff, CML-NV East Mountain, LLC ("East Mountain"), has sued Defendants, Vandenberg, LLC, as well as William and Rebecca Quinn both in their individual capacities and their capacities as trustees of their family's living trust.  Before the Court is a Motion for Default Judgment, wherein Plaintiff requests that this Court "affirmatively determine its subject-matter jurisdiction."[1]  (Pl.'s Mot. for Default J., ECF No. 15.)  For the reasons set forth herein, Plaintiff's Motion for Default Judgment will be denied for lack of subject-matter jurisdiction.

## I.    Procedural History

Plaintiff filed this action on February 10, 2011. (Complaint, ECF No. 1.)  Defendants were each served process on February 21 and February 22, 2011. (Summons, ECF Nos. 8-10.) Defendants did not file a response.  On December 22, 2011 Plaintiff filed a motion for default judgment in the action. (Pl.'s Mot. for Default J.)

---

[1] Plaintiff makes this request in light of similar claims which have recently been dismissed due to lack of subject-matter jurisdiction in the District of Nevada. *See Res-NV TVL, LLC v. Town Vistas, LLC*, No. 2:10-CV-1084-JCM-PAL (ECF No. 71) (D. Nev. Oct. 21, 2011); *RES-NV APC, LLC v. Astoria Pearl Creel, LLC*, No. 2-11-CV-00381-LDG-RJJ (ECF No. 32) (D. Nev Nov. 4, 2011).

## II.   <u>Background</u>

Plaintiff, East Mountain, is a limited liability company suing Defendant Vandenberg, LLC, for defaulting on a loan in the amount of $5,109,398.00. (Pl.'s Mot. for Default J.) William and Rebecca Quinn are also named as defendants in the suit as guarantors of the loan. (*Id.* at 2:20-21.)  The loan was originally extended by Silver State Bank in 2007. (*Id.* at 2:10-12.) Plaintiff alleges that Defendants did not pay the balance of the loan when it became due. (*Id.* at 3:5-7.)  In September 2008, Silver State Bank was closed, and the Federal Deposit Insurance Corporation (FDIC) became its receiver. (*Id.* at 3:12-14.)  The FDIC, to whom Defendants' loan obligations were now owed, transferred the loan to Multibank 2009-1 RES-ADC Venture, LLC ("Multibank"). (*Id.* at 3:15-16.)  Subsequently, a 40% interest in Multibank was sold to RL CML 2009-1 Investments, which has since served as Multibank's entities manager. (*Id.* at 3:16-17.)  Multibank then transferred the loan to the Plaintiff in June 2010. (*Id.* at 3:17-18.)

Plaintiff is and has been for all of the relevant times solely owned by Multibank. (*Id.* at 4:18-19.)  Multibank has two owners, the FDIC and RL CML 2009-I, LLC. (*Id.* at 4:19-21.) RL CML 2009-I LLC's relevant membership includes Lennar Corporation, a Delaware Corporation with its principal place of business in Florida, and Jeffrey Krasnoff, an individual residing in the state of Florida. (*Id.* at 5:3-4.)  The FDIC is a federally chartered corporation. (*Id.* at 5:6-7.)

## III.   <u>Legal Standard</u>

Generally, a district court's decision regarding a motion for default judgment is discretionary, and the court may consider a variety of factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the

merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In this circumstance, as Plaintiff acknowledges, there is an inherent question as to whether this Court has proper subject-matter jurisdiction over this matter. (Pl.'s Mot. for Default J., 1:20-21.)  Whenever there is doubt as to the existence of subject matter, the court must address it *sua sponte*. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 571-72 (1977); *see Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004).  A district court, finding lack of subject-matter jurisdiction, is entitled to dismiss a claim without having to give notice or opportunity to respond. *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003).  Subject-matter jurisdiction through diversity of citizenship exists in any case: (a) in which the amount in controversy exceeds $75,000 and (b) which occurs between citizens of different states. 28 U.S.C. § 1332 (2006). The latter factor is a requirement of "complete diversity," that is, there can be no shared state citizenship between any plaintiff and any defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

## IV. Discussion

### A. Doctrinal Analysis

For the purposes of diversity jurisdiction, a limited liability company is considered a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006).  Federally chartered corporations, such as the FDIC, are considered to be national citizens, of "no particular state," *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974), unless the activities of the corporation are confined to a single state. *Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 455 (3d Cir. 1959); *see Bankers' Trust Co. v. Texas & P. Ry. Co.*, 241 U.S. 295, 309-10 (1916).  The presence of a party with stateless citizenship has consistently been found to eliminate the possibility of diversity jurisdiction. *Burton v. U.S. Olympic Comm.*, 574 F. Supp. 517, 522 (C.D. Cal. 1983); *Little League Baseball, Inc. v. Welsh*

1    *Pub. Group, Inc.*, 874 F. Supp. 648, 651 (M.D. Pa. 1995); *Federal Deposit Insurance Co. v.*

2    *National Surety Corp.*, 345 F. Supp. 885 (S.D. Iowa 1972).  The FDIC is a federally chartered

3    corporation that operates nationwide, and therefore is a citizen of no particular state.  Plaintiff,

4    as an LLC which counts the FDIC among its members, shares the FDIC's citizenship status of

5    "no particular state." *See Johnson*, 437 F.3d at 899.  Thus, there is not complete diversity

6    among the parties because of Plaintiff's status as a national citizen, and there is no subject-

7    matter jurisdiction under 28 U.S.C. § 1332.

8           Nevertheless, Plaintiffs put forth several arguments why this Court has subject-matter

9    jurisdiction.  For the following reasons the Court finds them meritless.

10          **B.      Contentions Regarding the Citizenship of the FDIC**

11          Plaintiff argues that this Court should overlook the long line of precedent regarding the

12   citizenship of federally chartered corporations, and hold that the FDIC is a citizen only of its

13   state of incorporation and principal place of business, in this case the District of Columbia.

14   (Pl.'s Mot. for Default J., 9:9-10) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

15   131 S. Ct. 2846, 2854 (2011); 28 U.S.C. § 1332 (c)(1) (2006) (defining a corporation generally

16   as a citizen of its state of incorporation and principle place of business)).  Implicitly, Plaintiff

17   requests that this Court disregard nearly a century of precedent, initiated by the Supreme Court

18   in *Bankers Trust Co. v. Texas & P. Ry. Co.*, specially categorizing federally chartered

19   corporations as national citizens of no particular state. *See, e.g.*, *Bankers Trust Co. v. Texas &*

20   *P. Ry. Co.*, 241 U.S. at 309-10; *Johnson*, 437 F.3d at 899 (9th Cir. 2006).  Additionally, the

21   Seventh Circuit has specifically rejected the contention that the FDIC should be considered a

22   citizen of the District of Columbia, because doing so would create diversity jurisdiction in

23   almost every suit against the FDIC, contradicting the clear intent of Congress. *Fed. Deposit Ins.*

24   *Corp. v. Elefant,* 790 F.2d 661, 666 (7th Cir. 1986).  This Court is not persuaded by Plaintiff's

25   request to contradict the undeviating precedent regarding the citizenship of the FDIC and

adheres to the categorization of the FDIC as a national citizen of no particular state.

Plaintiff also points to provisions of the Federal Deposit Insurance Act ("FDIA") amendments passed by Congress in 1989 which granted United States district courts federal agency and federal question jurisdiction over cases in which the FDIC is a party. Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101–73, 103 Stat. 183 (codified as 12 U.S.C. § 1819 (b)(1), (b)(2)(A)). Plaintiff argues that these amendments indicate that the Court should find diversity jurisdiction in this case. Indeed, in *Kirkbride v. Continental Cas. Co.* the Ninth Circuit did observe that there was a desire by Congress that district courts have federal question jurisdiction over "all suits of a civil nature in which the [FDIC] is a party. . . ." 933 F.2d 729, 731 (9th Cir. 1991).

Still, Plaintiff's argument misses the mark in two ways. First, the statute makes no mention of jurisdiction in cases in which the FDIC *is not* a party, which is the circumstance before the Court here. In the eyes of the court, an LLC is considered to have an existence separate from its members. *See, e.g.*, *Abrahim & Sons Enterprises v. Equilon Enterprises, LLC*, 292 F.3d 958, 962 (9th Cir. 2002). Therefore, it would be inappropriate for the court to treat Plaintiff as if it *were* the FDIC. Moreover, the FDIC is not even Plaintiff's managing member, so it would be quite a stretch indeed for the Court to view the actions of Plaintiff as if the FDIC were a party to the suit. (*See* Pl.'s Mot. for Default J., 3:16-17.)

Second, the amendments to the FDIA only address changes regarding the FDIC's treatment in terms of federal agency jurisdiction and federal question jurisdiction without any mention of changing the treatment of the FDIC for the purposes of federal diversity jurisdiction. *See* 12 USC 1819(b)(1) (extending federal agency jurisdiction under 28 U.S.C. § 1345 to cases in which the FDIC is a plaintiff); 12 U.S.C. § 1819(b)(2)(A) (defining any suit in which the FDIC is a party as "aris[ing] under the laws of the United States"); *see also* U.S. Const. Art. III, § 2. Without a specific directive by Congress to change the manner in which

the FDIC is viewed as a citizen for the purposes of diversity, this Court declines to contravene nearly a century of precedent which treats the FDIC like any federally chartered corporation, as a national citizen of no particular state.

### C.   Contentions Regarding Whether this Court can Disregard the Citizenship of the FDIC

Plaintiff next argues that the FDIC's citizenship status can be disregarded, and the Court need only look to the citizenship of Plaintiff's other members in determining whether there is jurisdiction under § 1332.  These arguments draw upon cases in which courts have (1) looked past the FDIC's citizenship when it acts as a receiver, (2) disregarded the citizenship of entities that are not yet party to a suit, or (3) overlooked the citizenship of nominal parties.  Each of the lines of doctrine cited by Plaintiff is inapplicable to this case, and therefore is not persuasive.

#### 1.   Applicability of Precedents in Which the FDIC Acted as a Receiver

Plaintiff cites to authority in which the court has looked to the citizenship of a bank being received by the FDIC instead of the FDIC itself. *FDIC v. Lindquist*, 702 F. Supp 749, 750-51 (D. Minn. 1989).  Even if *Lindquist* was found persuasive, its applicability today is questionable, as it was decided prior to the 1989 amendments to the FDIA, which granted United States district courts federal agency jurisdiction in cases wherein the FDIC acted as the plaintiff. 12 U.S.C. § 1819(b)(1) (2006).  In *Lindquist*, the court stated that when the FDIC was the plaintiff in a case in which it was acting as a receiver for banks that were themselves diverse, then its citizenship could be overlooked.  Even if the Court extended *Lindquist* here, by applying the same reasoning even after the FDIC has transferred a loan obtained from a received bank to a separate entity, it would see that the FDIC came to hold its interest in receivership from Silver State Bank, itself a citizen of Nevada and a nondiverse party.  Therefore, even if the Court were to find *Lindquist* persuasive, and magnify the scope of its holding to encompass the situation at hand, Plaintiff's jurisdictional problems would be turned

around 360 degrees, and this case would still fail to meet the requirement of complete diversity.

### 2. Applicability of Precedents Disregarding Yet-Unjoined or Dispensable Parties

Plaintiff argues that courts in the past have been able to achieve diversity jurisdiction by disregarding the citizenship of yet-unjoined non-diverse entities. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005). Similarly, in order to preserve jurisdiction, district courts have the power to dismiss "jurisdictional spoilers," parties who are dispensable and nondiverse. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830-31 (1989). Because of these doctrines, Plaintiff argues diversity jurisdiction is not destroyed in this case. However, despite Plaintiff's valiant effort, these doctrinal square pegs cannot be pounded into the round hole of the case at hand. The jurisdictional concern before the Court does not include a party that could yet be joined, nor one that is conceivably dispensable. The nondiverse party in this case is the *plaintiff itself*, whose citizenship under § 1332 is determined by reference to the citizenship of its members. *See Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006). These unrelated doctrines do not support a finding of diversity jurisdiction here, because the sole plaintiff is clearly neither an unnamed party nor a dispensable one.

### 3. Applicability of Precedents Disregarding Nominal Parties

Plaintiff next argues that a finding in favor of jurisdiction is supported by precedent regarding nominal parties. Indeed, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Nominal parties are those who have "no control of, impact on, or stake in the controversy." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92, (2005) (citing *Wood v. Davis*, 18 How. 467, 469-470 (1856)). What's particularly ironic about the attempt to classify the FDIC as a nominal party in this case is that the FDIC is, in fact, neither merely nominal, nor a party. The FDIC still bears 60% ownership of Plaintiff's sole member.

1   (Pl.'s Mot. for Default J., 3:16.)  As such, it will be entitled to a significant amount of relief if

2   there is a judgment in Plaintiff's favor.  Thus, it would be peculiar to say that the FDIC has "no

3   stake in the controversy."  Furthermore, the Supreme Court has directly rejected the argument

4   that courts could disregard the citizenship of some members of a non-corporate partnership

5   when determining whether there is jurisdiction under §1332. *Carden v. Arkoma Associates*, 494

6   U.S. 185, 195-96 (1990).  Concordantly, the fact that the FDIC is not even a party to this suit

7   equally brings it outside the application of the nominal *party* doctrine.  Accordingly, the

8   nominal party doctrine is not applicable here because the FDIC has a financial interest in this

9   suit and is not a party.

          **D.**    **Contentions Regarding Process for Determining the Citizenship of an LLC**

10

11         Plaintiff's last line of analysis contends that the Ninth Circuit incorrectly views LLCs as

12   having the citizenship of each of their members.  Plaintiff attempts to call into question the

13   Ninth Circuit's standard that "like a partnership, an LLC *is* a citizen of every state of which its

14   owners/members are citizens." *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899

15   (9th Cir. 2006) (emphasis added).  Plaintiff argues that this standard is in direct conflict with the

16   Supreme Court's decision in *Carden v. Arkoma Associates*, which held that partnerships are not

17   themselves citizens, but should be treated as having the citizenships of each of their members.

18   494 U.S. 185, 189 (1990).  Indeed, the Supreme Court has stated "a partnership entity . . . does

19   not rank as a citizen." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (citing *Carden*, 494

20   U.S. at 189).

21         Each of the cases they cite in support mirrors the substance of the Ninth Circuit's

22   standard for determining the citizenship of a partnership. *See Carden v. Arkoma Associates*,

23   494 U.S. 185 (1990) (holding that the citizenship of an artificial entity, such as a partnership, is

24   equivalent to the citizenships of all of its members); *Swiger v. Allegheny Energy, Inc.,* 540 F.3d

25   179, 184 (3d Cir. 2008) (stating that a "partnership's citizenship as a party is determined by

reference to all partners"); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003) (stating that diversity jurisdiction was unavailable because one of the members of the defendant partnership was a stateless U.S. citizen).

This Court would make quite the doctrinal mountain out of a rhetorical molehill if it found as Plaintiff claims that the Ninth Circuit's standard is wholly invalid based on the inconsistencies between viewing LLCs *as* citizens of each place that their members are citizens, and the view that an LLC is not a citizen of any state, but should be *treated* as having the citizenship of each of its members.  Plaintiff fails to provide adequate justification to reject the consensus conclusion of all courts which have considered the issue, that LLCs are citizens of every state in which their members are citizens. *Johnson*, 437 F.3d at 899; *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

There exist several cases, some contravening the precedent of their respective circuits that without discussion, have considered the citizenship of an LLC to be its state of incorporation and principal place of business. *See Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158, 1162 (10th Cir. 2005) (finding that the plaintiff was a citizen of its principal place of business and state of incorporation for diversity purposes after incorrectly referring to it as a "limited liability corporation."); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1237 (11th Cir. 2005) (inquiring into the state of incorporation and principal place of business of an LLC to determine its citizenship); *Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co., Inc.*, 395 F.3d 338, 341 n. 5 (6th Cir. 2005) (identifying plaintiff LLC's principal place of business when noting that it invoked diversity jurisdiction).  However, these

cases are distinct in that none directly mentioned the issue of the citizenship status of an LLC, and no party in any of these cases appears to have contested the issue of an LLC's citizenship. Furthermore, even if these cases were viewed as favoring the corporation-like treatment of LLCs for diversity purposes, there exists no similar case in the Ninth Circuit, whose treatment of LLCs for diversity remains absolutely clear. *See Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006).

In light of the heavy precedent both from the Supreme Court and the Ninth Circuit, this Court's holding mirrors those of two other recent cases before it, that a plaintiff LLC which counts the FDIC among its members is not eligible for diversity jurisdiction because of the FDIC's status as a national citizen "of no particular state." *Res-NV TVL, LLC v. Town Vistas, LLC*, No. 2:10-cv-1084-JCM-PAL, ECF No. 71 (D. Nev. Oct. 21, 2011); *RES-NV APC, LLC v. Astoria Pearl Creel, LLC*, No. 2-11-cv-00381-LDG-RJJ, ECF No. 32 (D. Nev. Nov. 4, 2011). Accordingly, this Court does not have subject-matter jurisdiction over this action and must therefore be dismissed.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff CML-NV East Mountain, LLC's Motion for Default Judgment (ECF No. 15) is **DENIED**. The action is **DISMISSED for lack of jurisdiction**. The Clerk of the Court shall close this case.

**DATED** this 20th day of September, 2012.

Gloria M. Navarro
United States District Judge